19-2809-cv
*Julie M. Sowell, et al. v. Tinley Renehan & Dost, LLP, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JULIE M. SOWELL, GEORGE E. MENDILLO,
            *Plaintiffs-Appellants*,

            -v-                                        19-2809-cv

TINLEY RENEHAN & DOST, LLP, DOUGLAS S.
LAVINE, Honorable, Judge of the Connecticut
Appellate Court, ELIOT D. PRESCOTT, Honorable,
Judge of the Connecticut Appellate Court, NINA F.
ELGO, Honorable, Judge of the Connecticut
Appellate Court, RICHARD A. ROBINSON,
Honorable, Chief Justice of the Connecticut Supreme
Court, JEFFREY J. TINLEY, JOHN P. MAJEWSKI,
            *Defendants-Appellees*,

SOUTHBURY-MIDDLEBURY YOUTH AND FAMILY
SERVICES, INC., PHILADELPHIA INDEMNITY
INSURANCE COMPANY, MARY JANE MCCLAY,
                             *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        GEORGE E. MENDILLO, Woodbury, Connecticut.

FOR DEFENDANTS-APPELLEES:        JEFFREY J. TINLEY, Tinley Renehan & Dost, LLP, Waterbury, Connecticut, *for* Tinley Renehan & Dost, LLP, Jeffrey J. Tinley, and John P. Majewski.

                                              MICHAEL K. SKOLD, Assistant Attorney General, *for* William Tong, Attorney General, and Claire Kindall, Solicitor General, Hartford, Connecticut, *for* Honorable Douglas S. Lavine, Honorable Eliot D. Prescott, Honorable Nina F. Elgo, and Honorable Richard A. Robinson.

Appeal from the United States District Court for the District of

Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Julie M. Sowell and George E. Mendillo ("plaintiffs")

appeal from the district court's judgment, entered August 6, 2019, dismissing their

amended complaint. Plaintiffs sued defendants-appellees Douglas S. Lavine, Eliot D.

Prescott, Nina F. Elgo, and Richard A. Robinson (the "judicial defendants") and Tinley

2

Renehan & Dost LLP, Jeffrey J. Tinley, and John P. Majewski (the "firm defendants") as well as defendants Southbury-Middlebury Youth and Family Services, Inc. ("YFS"), Philadelphia Indemnity Insurance Company ("PICC"), and Mary Jane McClay, seeking declaratory relief and damages pursuant to 42 U.S.C. § 1983 and state law. Plaintiffs challenge the constitutionality of certain Connecticut state court rules implicated in earlier state court judgments. By Order entered August 5, 2019, the district court granted motions filed by the judicial defendants and the firm defendants and dismissed the amended complaint under the *Rooker-Feldman* doctrine and for lack of Article III standing pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## BACKGROUND

The facts are taken from the amended complaint and are presumed to be true for the purposes of this appeal. The origins of this case lie in an action brought in the Connecticut Superior Court in 2012 by Sowell against YFS and the chair of its board of directors, McClay. Mendillo (an attorney) represented Sowell (his sister) in this state court action. During that litigation, Mendillo sent letters directly to YFS board members without permission of YFS's counsel. On December 17, 2013, the Superior Court found that by so doing Mendillo had violated Rule 4.2 of the Connecticut Rules of Professional

---

[1] Plaintiffs voluntarily dismissed their claims against YFS, PICC, and McClay.

Conduct ("Rule 4.2"), and entered a protective order enjoining him from further contact with YFS board members.[2]

On December 31, 2013, plaintiffs filed a writ of error in the Connecticut Supreme Court challenging the protective order. The Supreme Court transferred the matter to the Connecticut Appellate Court, which dismissed the writ on November 10, 2015, in an order written by Judge Lavine and joined by Judges Prescott and Elgo. On November 18, 2015, plaintiffs filed a petition in the Connecticut Supreme Court for certification to review the Appellate Court's dismissal. The Supreme Court denied the petition on December 16, 2015. Plaintiffs filed a motion for reconsideration on December 22, 2015, which was denied on January 13, 2016. Plaintiffs filed a second writ of error with the Connecticut Supreme Court on February 4, 2016, alleging that the Appellate Court had violated Mendillo's constitutional rights. The writ was dismissed by the Supreme Court.

In September 2016, Mendillo filed another action in the Connecticut Superior Court, seeking a declaratory judgment and challenging the Connecticut

---

[2]    Rule 4.2 provides in relevant part that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Conn. R. Prof'l. Conduct 4.2. Commentary to the rule clarifies that "[i]n the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization." *Id.* cmt.

Appellate Court's decision on several grounds. The Appellate Court, one of the defendants in the suit, moved to dismiss the action, and the Superior Court granted the motion. The Connecticut Supreme Court affirmed the dismissal, concluding that Mendillo's claims were nonjusticiable. Mendillo moved for reconsideration, and the Connecticut Supreme Court denied the motion on September 20, 2018. The parties settled the initial state action on April 8, 2019.

In October 2018, plaintiffs brought suit in federal district court for equitable relief and damages pursuant to 42 U.S.C. § 1983 and state law. In its order dismissing the amended complaint, the district court held that certain claims were barred by the *Rooker-Feldman* doctrine and that plaintiffs lacked standing to bring the remaining claims. This appeal followed.

## DISCUSSION

**A.      Standard of Review**

We review *de novo* a district court's dismissal under the *Rooker-Feldman* doctrine and for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). *See Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (*Rooker-Feldman*); *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017) (standing).

5

**B.     Applicable Law**

**1.     *Rooker-Feldman* Doctrine**

"When a federal suit follows a state suit, the former may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine." *Sung Cho*, 910 F.3d at 644.  The doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  The appropriate recourse for litigants who believe a state court judgment is "flawed for reasons raising federal questions" is to seek review in the U.S. Supreme Court.  *Sung Cho*, 910 F.3d at 644 n.4.  In recent years, "we have applied the *Rooker-Feldman* doctrine with some frequency to cases involving suits directly against state-court judges, or in which error by state-court judges in state-court proceedings is asserted." *Id.* at 645 & n.5 (collecting cases).

**2.     Standing**

To establish standing, a plaintiff must have suffered an "injury in fact," that is "fairly traceable to the [defendant's] challenged conduct," and that is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  An injury in fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted).  Thus, a mere allegation that future injury is possible is not sufficient to establish injury in fact;

6

rather, the "threatened injury must be certainly impending." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (internal quotation marks omitted). A lawyer-plaintiff's conclusory assertion that a court rule or doctrine of interpretation has a chilling effect on her First Amendment rights is not sufficient to establish injury in fact. *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 90 n.12 (2d Cir. 2010) ("Allegations of a 'subjective chill' are generally 'not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972))).

## C.      Analysis

We affirm substantially for the reasons set forth by the district court in its decision. As the district court noted, "the vast majority" of plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, as they seek to attack prior judgments of the Connecticut state courts. App'x at 65. Plaintiffs contend that the state courts (and the judicial defendants) denied plaintiffs' rights to free speech, due process, and equal protection in their rulings interpreting Rule 4.2, and they seek, in essence, to overturn those rulings.

While plaintiffs argue that their constitutional claims are "independent claims," this argument is unpersuasive. Appellant's Br. at 7, 11-12; *see Hoblock*, 422 F.3d at 87-88. The claims allege an injury traceable not to Rule 4.2 itself, but to the courts' application of the rule to plaintiffs' particular state case and thus cannot be contested in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 (2005)

7

(stating that constitutionality of a state bar rule "could be contested in federal court . . . so long as plaintiffs did not seek review of the Rule's application in a particular case"). Accordingly, the claims are barred under the *Rooker-Feldman* doctrine.

Plaintiffs' third and fourth claims allege that Rule 4.2 is unconstitutionally overbroad and vague, while their ninth and tenth claims allege a due process challenge to Connecticut Rule of Appellate Procedure 72-1(b) ("Rule 72-1(b)") and the *stare decisis* doctrine of the Connecticut courts.[3] To the extent that these claims challenge the constitutionality of Rule 4.2, Rule 72-1(b), and the doctrine of *stare decisis*, rather than simply the state court's application of these rules to plaintiffs, they are not barred by *Rooker-Feldman*. *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Plaintiffs, however, lack standing to bring these claims.

As to Sowell, the underlying litigation has been resolved, she is not an attorney subject to Rule 4.2, and she has no matters pending in Connecticut state court that could be subject to applications of Rule 4.2, Rule 72-1(b), or the doctrine of *stare decisis*. As to Mendillo, though as an attorney he remains subject to Rule 4.2, he fails to allege any facts demonstrating that he is or will be subject to the application of Rule 4.2, Rule 72-1(b), or the doctrine of *stare decisis*. Because plaintiffs fail to allege any facts demonstrating an injury in fact that is "actual or imminent," *Spokeo*, 136 S. Ct. at 1548, or

---

[3] Rule 72-1(b) provides that "[n]o writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification." Conn. Practice Book 1998 § 72-1(b).

8

"certainly impending," *Whitmore*, 495 U.S. at 158, they lack standing to bring the claims.

Moreover, mere "allegations of a subjective chill" do not constitute an injury in fact. *See*

*Conn. Bar Ass'n.*, 620 F.3d at 90 n.12 (internal quotation marks omitted). Accordingly,

we conclude that the district court did not err when it dismissed these claims for lack of

standing pursuant to Fed. R. Civ. P. 12(b)(1).

\* \* \*

We have considered plaintiffs' remaining arguments and conclude they

are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk